UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIK KHAN, | Civil Action No. 24-8976 (RK) |
| Plaintiff, | |
| v. | MEMORANDUM & ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

This matter has been opened to the Court by Plaintiff's filing of a civil action and an application to proceed *in forma pauperis* ("IFP application"). (ECF Nos. 1, 1-1.) At this time, the Court grants Plaintiff's IFP application (ECF No. 1-1) and directs the Clerk to file the Complaint.[1] The Court now screens the Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B) and must dismiss the Complaint if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B).

Plaintiff has sued the United States pursuant to Federal Tort Claims Act ("FTCA"), asserting medical negligence, negligent infliction of emotional distress, and negligent supervision claims under state law. (Complaint at ¶¶ 19-39.) Plaintiff alleges that he has several medical conditions, including tachycardia, and takes a beta blocker, which may not be stopped abruptly. Complaint at 3, ¶¶ 1-10.) His FTCA claims arise from the alleged failure to provide him with his

---

[1] The Court grants the IFP application pending at ECF No. 1-1. Petitioner also filed a petition for mandamus in the Third Circuit (3d Cir. No. 25-1980) and filed a copy of that petition and his IFP application on the docket. (*See* ECF Nos. 5, 5-1.) The Third Circuit granted Plaintiff's IFP application on May 19, 2025 (3d Cir. No. 25-1980, at Dkt. No. 3); as such, the Court denies as moot the IFP application pending at ECF No. 5-1.

prescribed medications on 21 occasions from August 26, 2022 through October 7, 2022. (*Id.* at ¶¶ 11-12.) As a result, Plaintiff allegedly experienced excessive heart rate, elevated blood pressure, severe chest pain, headaches, weakness, and suicidal thoughts. (*Id.* at ¶ 13.) By October 5, 2022, Plaintiff's chest pain was so severe that he believed he was having a heart attack. (*Id.* at ¶ 14.) An EKG allegedly revealed sinus ventricular tachycardia, which the attending physician attributed to the cessation of Plaintiff's medications. (*Id.*) Plaintiff further alleges that his mental state was so deteriorated by October 7, 2022, that he drafted suicide notes and was placed on suicide watch. (*Id.* at ¶ 15.)

As noted above, the Court construes Plaintiff to raise his claims for relief under the FTCA. "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court." *Lomando v. U.S.*, 667 F.3d 363, 372–73 (3d Cir. 2011) (citing *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001); *see also CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008) ("The cause of action in an FTCA claim . . . must come from state tort law."). Accordingly, "the extent of the United States' liability under the FTCA is generally determined by reference to state law." *Id.*( citing *In re Orthopedic*, 264 F.3d at 362 (internal quotation marks and citation omitted). The Court has reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B) and proceeds the FTCA claims for medical negligence, negligent infliction of emotional distress, and negligent supervision against the United States.

**IT IS, THEREFORE**, on this 11th day of June 2025,

**ORDERED** that Plaintiff's IFP application pending at ECF No. 1-1 is GRANTED; the complaint shall be filed; and it is further

**ORDERED** that the IFP application pending at ECF No. 5-1 is denied as MOOT for the reasons stated in this Memorandum & Order; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Administrator at Fort Dix FCI; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing

fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that the FTCA claims for medical negligence, negligence infliction of emotional distress, and negligent supervision shall PROCEED against the United States; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copies of the USM-285 forms for serving the United States; and it is further

**ORDERED** that Plaintiff shall complete the USM-285 forms and return them to the Clerk of the Court within 30 days; and it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon the Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that the Clerk of the Court shall send copies of this Memorandum & Order to Plaintiff via regular mail.

ROBERT KIRSCH
United States District Judge