**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIK KHAN,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Civil Action No. 24-8976 (RK) (TJB)<br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the Motion for Dismiss for Lack of Jurisdiction and for Failure to State a Claim filed by Defendant United States of America ("Defendant"). ("Def. Mot.," ECF No. 26.) Plaintiff Erik Khan ("Plaintiff") filed an opposition brief, ("Pl. Opp.," ECF No. 34), and Defendant replied, ("Def. Reply," ECF No. 35). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND[1]

Plaintiff, proceeding *pro se*, pursues claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, for negligence, negligent infliction of emotional distress, and negligent supervision and training in connection with the Federal Bureau of Prison's ("BOP") alleged failure to dispense Plaintiff's prescribed medications in a timely manner. ("Compl.," ECF

[1] The facts set forth in this Memorandum Opinion are taken as true directly from the Complaint for the sole purpose of deciding Defendant's pending Motion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

No. 1 ¶¶ 1, 19–39.) Plaintiff is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). (*Id.* ¶ 4.) He alleges that he suffers from "several chronic health conditions, including obesity, sleep apnea, tachycardia, hypertension, hyperlipidemia, lower extremity arthritis, depression, and anxiety" with a "documented family history of major cardiac and/or stroke events." (*Id.* ¶ 6.) Plaintiff asserts that to treat these conditions he is prescribed "Metoprolol (also known as Lopressor), Atorvastatin (also known as Lipitor), Aspirin, Fluoxetine (also known as Prozac), and Losartan." (*Id.* ¶ 7.) Plaintiff alleges that he is under the care of "Dr. Patel" at FCI Fort Dix and that Dr. Patel has consistently prescribed these medications since 2016. (*Id.* ¶ 9.) Plaintiff asserts that he requires these specific medications daily. (*Id.*)

Plaintiff alleges that on August 26, 2022, BOP officials moved him to the Special Housing Unit ("SHU"). (*Id.* ¶ 10.) Plaintiff claims that upon arrival in the SHU, his medications were missing from his belongings. (*Id.* ¶ 11.) He asserts that, despite repeatedly informing BOP staff, he was "deprived" of his prescribed medications "on at least 21 separate occasions" between August 26, 2022, and October 7, 2022. (*Id.* ¶ 12.) He claims that the deprivation of his medication was in violation of BOP's own policies requiring the pharmacists at FCI Fort Dix to obtain a list of all inmates placed in the SHU during the previous 24 hours and to ensure that all restricted medications are available for distribution to these inmates during SHU rounds. (*Id.* ¶ 16.) Without his medication during the alleged periods, Plaintiff claims that he suffered "excessive heart rate . . . , elevated blood pressure, severe chest pain, headaches, weakness, and severe emotion distress including suicidal thoughts." (*Id.* ¶ 13.) On October 5, 2022, in particular, Plaintiff asserts that he experienced "severe chest pain and weakness, believing he was having a heart attack." (*Id.* ¶ 14.) He alleges that the attending physician attributed this condition directly to the deprivation

of his medication. (*Id.*) Plaintiff also asserts that on October 7, 2022, due to his deteriorated mental state, "he drafted suicide notes and was placed on suicide watch." (*Id.* ¶ 15.)

Plaintiff filed the initial Complaint on September 5, 2024. (ECF No. 1.) On February 13, 2026, Defendant moved to dismiss. (ECF No. 26.) Plaintiff filed an opposition brief on May 6, 2026, and Defendant submitted a reply brief. (ECF Nos. 34–35.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear the claim. Fed. R. Civ. P. 12(b)(1). In evaluating a Rule 12(b)(1) motion to dismiss, courts must first determine whether the motion "presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (internal quotation marks omitted).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Id.* The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268.

## III. DISCUSSION

Defendant challenges Plaintiff's claims on several jurisdictional grounds: (1) the discretionary function exception to the FTCA bars Plaintiff's negligent hiring and negligent supervision claim; (2) Plaintiff cannot pursue claims for negligence or negligent infliction of emotional distress under the FTCA because the duty of care invoked by Plaintiff arises under federal law, regulation, or policy; and (3) Plaintiff cannot establish the elements of breach or causation for either his negligence or negligent infliction of emotional distress claims. (Def. Mot. at 15−23.)[2] For the reasons set forth below, the Court grants Defendant's Motion and dismisses the Complaint in its entirety.

Under the doctrine of sovereign immunity, the United States and its agencies may not be sued without the consent of the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts." *United States v. Orleans*, 425 U.S. 807, 813 (1976). Importantly, "[t]he FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States[] [and] its agencies." *Dupont v. United States*, 197 F. Supp. 3d 678, 684 (D.N.J. 2016). Thus, the United States and its agencies are otherwise immune from tort suits.

"Federal courts have jurisdiction over [FTCA] claims if they are 'actionable under § 1346(b).'" *Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting *Meyer*, 510 U.S. at 477). An actionable claim must satisfy six elements to "simultaneously trigger the Government's waiver of sovereign immunity, create subject matter jurisdiction over the claim, and establish the Government's tort liability." *DeMolick v. United States*, No. 22-1973, 2023 WL 3562979, at *1

[2] Defendant also argues that, for the same reasons set forth in its jurisdictional arguments, Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6). (Def. Br. at 23−24.) Because the Court grants Defendant's Motion on the jurisdictional grounds set forth below, it need not reach Defendant's Rule 12(b)(6) arguments.

(3d Cir. May 19, 2023) (citing *Brownback*, 592 U.S. at 212, 217). Under those six elements, an FTCA claim must be:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback*, 592 U.S. at 212 (omission and numbering in original).

### A. NEGLIGENT SUPERVISION AND TRAINING

As an initial matter, Plaintiff concedes that the discretionary function exception to the FTCA bars his claim for negligent supervision and training. (Pl. Opp. at 18 ("Plaintiff concedes that this argument succeeds as to the negligent supervision and training theory specifically pleaded in Count II[I]. The Third Circuit has confirmed as much. Decisions about how to train and supervise BOP health services staff—which involve resource allocation, facility-specific policy choices, and balancing security against service delivery—are susceptible to policy analysis and thus protected by the exception." (emphasis and citation omitted)). Because Plaintiff explicitly concedes this argument, the Court grants Defendant's Motion and dismisses Plaintiff's negligent supervision and training claim (Count III) without prejudice. *See Summers v. PHH Mortg. Corp.*, No. 22-6726, 2023 WL 5434336, at *4 (D.N.J. Aug. 23, 2023) ("A plaintiff concedes a claim when she fails to oppose arguments in support of a motion to dismiss it under Fed. R. Civ. P. 12(b)(6)."); *see also Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005) (noting that a *pro se*

attorney-plaintiff's failure to oppose an argument raised in a motion to dismiss constituted forfeiture).[3]

### B. NEGLIGENCE

Defendant seeks to dismiss Plaintiff's negligence claim for his failure to satisfy the sixth element of an FTCA claim: "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Defendant argues that Plaintiff rests his negligence claim on federal, not state, duties of care, foreclosing him from pursuing such a claim under the FTCA. (Def. Mot. at 15−16.) Section 1346(b)'s "reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA." *Meyer*, 510 U.S. at 478. "[S]pecifically, . . . the FTCA incorporates only state law that governs liability in tort." *Wilson v. United States*, 79 F.4th 312, 317 (3d Cir. 2023).

[3] Courts typically afford *pro se* litigants "considerable leeway." *Gupta v. Wipro Ltd.*, No. 17-1954, 2017 WL 6402636, at *10 n.13 (D.N.J. Dec. 15, 2017); *see also Pratt v. Port Auth. of N.Y. & N.J.*, 563 F. App'x 132, 134 (3d Cir. 2014) (per curiam). "The rationale underlying this rule is that a *pro se* litigant generally lacks both legal training and experience and, accordingly, is likely to forfeit important rights through inadvertence if he is not afforded some degree of protection." *Gupta*, 2017 WL 6402636, at *10 n.13 (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)). "[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Id.*; *United States v. Stuler*, 396 F. App'x 798, 799 n.2 (3d Cir. 2010) (per curiam) ("Although we are mindful of our obligation to construe a *pro se* litigant's pleadings liberally, because [the plaintiff] is an experienced litigant, we limit our consideration to those decisions of the District Court that he expressly challenges." (citation omitted)); *see also Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 166 (3d Cir. 2017) (finding that the district court properly imposed a deadline against *pro se* litigant, despite deference afforded *pro se* litigants, where the plaintiff was "an experienced and sophisticated litigant by *pro se* standards"). Here, Plaintiff describes himself as "an experienced inmate paralegal with extensive experience litigating federal civil and criminal matters." ("Pl. Decl.," ECF No. 34-1 ¶ 3.) Based on Plaintiff's litigation experience, the Court need not afford him the same level of deference as a typical *pro se* litigant. Indeed, Plaintiff's arguments in the Opposition display a command of the finer points of the discretionary function exception to the FTCA, such that this Court is satisfied that Plaintiff's concession regarding that exception's application to his negligent supervision and training claim is well-informed. (Pl. Opp. at 18−22.)

Because Plaintiff seeks to recover for alleged violations of federal law and policy, not state tort law, Plaintiff cannot pursue a negligence claim under the FTCA. *See Dippolito v. United States*, 704 F. App'x 199, 204 n.6 (3d Cir. 2017) (per curiam) ("The District Court properly dismissed [the plaintiff]'s FTCA claim because he premised it solely on putative Eighth Amendment violations."); *Lloyd v. United States*, No. 22-671, 2022 WL 16961240, at *3 (D. Del. Nov. 16, 2022) ("Because Plaintiff solely seeks to recover for alleged violations of federal law, his claims are not actionable under the FTCA."); *Maddox v. United States*, No. 10-3457, 2012 WL 1033580, at *1 (D.N.J. Mar. 27, 2012) ("[T]he Complaint failed to state a claim because federal constitutional and regulatory violations are not cognizable under the FTCA."); *James v. United States*, No. 08-244, 2009 WL 2605305, at *5 (W.D. Pa. Aug. 21, 2009) ("[A]lleged violations of federal regulations are not actionable under the FTCA. Violations of federal law—when not accompanied by any local law violation—cannot support a suit under the FTCA." (internal quotation marks omitted)). Plaintiff alleges that BOP owed him a duty of care to provide his prescribed medications in a timely manner. (Compl. ¶ 21.) Plaintiff is explicit in the Complaint regarding the source of this alleged duty. He unequivocally states that the duty at issue is "established by" (1) BOP Program Statements, (2) the Eighth Amendment to the United States Constitution, and (3) 18 U.S.C. § 4042. (*Id.*) While this Court must liberally construe *pro se* pleadings, the Court cannot ignore what Plaintiff himself has clearly and unambiguously pled—the duty at issue arises from federal, not state sources. In an effort to cure this deficiency, Plaintiff identifies in his opposition a New Jersey statute mandating that incarcerated persons receive continuity of prescribed medications. (Pl. Opp. at 28.) However, Plaintiff cannot amend in his opposition brief the clearly identified federal sources of duty alleged in the Complaint. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is

axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (alteration in original)); *Y.Y. v. Mayer-Regalbuto*, No. 24-8401, 2026 WL 1146567, at *9 n.10 (D.N.J. Apr. 28, 2026).

Further, when alleging breach of the federal duties of care identified in the Complaint, Plaintiff expressly forecloses the construction of his negligence claim as medical malpractice. (Compl. ¶ 22 ("This is not a claim of medical malpractice, but rather a claim for the prison's failure to provide medications that had been properly prescribed . . . .").) The most obvious tort under New Jersey law applicable to the facts that Plaintiff has alleged is a medical malpractice claim, but Plaintiff is explicit that he pursues no such claim. *See United States v. Muniz*, 374 U.S. 150, 162 (1963) ("Even a matter such as improper medical treatment [while incarcerated] can be judged under the varying state laws of malpractice . . . ."). Furthermore, although Plaintiff cites several cases to support the survival of his negligence claim in this context, those cases do not favor his position. (*See* Pl. Opp. at 27–28.) Indeed, in *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 578–79 (3d Cir. 2003), the prisoner plaintiff brought a medical malpractice claim after he was allegedly denied insulin and suffered a stroke while incarcerated, and in *Gomes v. County of Monmouth*, 134 A.3d 33, 36 (N.J. Super. Ct. App. Div. 2016), the court construed the formerly incarcerated plaintiff's claim that she was denied access to antibiotic medication as sounding in medical malpractice. The Court cannot construe the Complaint in such a way here because to do so would directly contradict Plaintiff's allegations. *See Steinhardt v. Bernardsville Police Dep't*, No. 17-2169, 2020 WL 5204066, at *4 (D.N.J. Aug. 31, 2020) ("The Court, accordingly, will not 'read into pro se submissions claims that are not consistent with the pro se litigant's allegations.'" (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006))), *aff'd*, No. 20-2825, 2021 WL 3929321 (3d Cir. Sept. 2, 2021) (per curiam).

Because the source of Defendant's duty as alleged is federal law and policy, not state tort law, the Court dismisses Plaintiff's negligence claim (Count I) without prejudice.

### C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Like negligence, Plaintiff must prove that Defendant owed him a duty of care to pursue a claim for negligent infliction of emotional distress. *Behne v. Union Cnty. Coll.*, No. 14-6929, 2018 WL 566207, at *9 (D.N.J. Jan. 26, 2018) (citing *Dello Russo v. Nagel*, 817 A.2d 426, 435 (N.J. Super. Ct. App. Div. 2003)). Plaintiff alleges that "[a]s established in Count I," BOP owed him a duty and breached it by failing to provide his prescribed medications, therefore, explicitly basing his negligent infliction of emotional distress claim on the same sources of duty as his negligence claim. (Compl. ¶ 28.) For the same reasons discussed *supra* regarding Plaintiff's negligence claim, the Court dismisses Plaintiff's claim for negligent infliction of emotional distress (Count II) without prejudice.[4]

---

[4] Defendant also argues that the Court must dismiss Plaintiff's negligence and negligent infliction of emotional distress claims for lack of jurisdiction because Plaintiff cannot meet the legal standards for breach and causation. To support this argument, Defendant purports to rebut in detail the factual allegations in the Complaint with extrinsic information in Plaintiff's medical records. (Def. Br. at 17−23.) While in the context of a Rule 12(b)(1) motion a court must ordinarily "take care not to reach the merits of a case," the FTCA is "unique" in that "all elements of a meritorious claim are also jurisdictional." *DeMolick*, 2023 WL 3562979, at *2 (first quoting *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016); then quoting *Brownback*, 592 U.S. at 217); *see Brownback*, 592 U.S. at 217–18 ("So even though a plaintiff need not *prove* a § 1346(b)(1) jurisdictional element for a court to maintain subject-matter jurisdiction over his claim, a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." (citations omitted)). "That means a plaintiff must plausibly allege that the United States, if a private person, would be liable to the claimant under state law[,] both to survive a merits determination under Rule 12(b)(6) and to establish subject-matter jurisdiction." *Brownback*, 592 U.S. at 218 (internal quotation marks omitted).

However, there is a "caveat" to this approach. *DeMolick*, 2023 WL 3562979, at *2. When "jurisdiction is intertwined with the merits and could be established, along with the merits, given the benefit of discovery," a court must require "less of a factual showing than would be required to succeed at trial" to "ensure that defendants are not allowed to use Rule 12(b)(1) to resolve the merits too early in the litigation." *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008). "[I]f a plaintiff plausibly alleges a basis for jurisdiction, the district court has discretion to order limited discovery to resolve any material factual dispute." *DeMolick*, 2023 WL 3562979, at *2.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion (ECF No. 26) is **GRANTED**. The Complaint is **DISMISSED** without prejudice in its entirety.

An appropriate Order will accompany this Memorandum Opinion.

Dated: August 26, 2026

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

---

Here, the Court notes that Defendant's arguments regarding breach and causation as to both negligence and negligent infliction of emotional distress necessarily involve questions of jurisdiction that are intertwined with the merits of Plaintiff's case and are, therefore, subject to less of a factual showing. Indeed, Defendant's arguments on this issue based on Plaintiff's medical records would seemingly require the Court to resolve the merits of this litigation at too early of a stage. If Plaintiff chooses to amend the Complaint, and Defendant re-raises its arguments on this point, the Court notes that it is within its discretion to order limited discovery to resolve any material fact disputes.